JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Anthony Battle ("Battle") appeals from the sentence imposed upon him by the Cuyahoga County Court of Common Pleas for the offense of attempted failure to comply with an order or signal of a police officer. For the reasons adduced below, we affirm.
 {¶ 2} The following facts give rise to this appeal. On May 16, 2002, a state highway patrol officer observed Battle make a number of traffic violations heading northbound on Interstate 71 ("I-71"). The officer stopped Battle on I-71 just south of Route 82 in Strongsville. When the officer approached Battle's vehicle and asked Battle for his driver's license, Battle drove away at a high rate of speed.
 {¶ 3} The officer proceeded to follow Battle in a high-speed chase. Battle went up the exit ramp to Route 82, crossed over to the southbound entrance ramp, and proceeded to head southbound on I-71. Battle traveled at speeds approaching 120 miles per hour and drove through a construction zone.
 {¶ 4} Battle traveled a couple of miles on I-71 south and exited onto State Route 303. Ultimately, Battle turned into a McDonald's restaurant where the officer blocked his vehicle. The officer proceeded to arrest Battle.
 {¶ 5} The facts presented also include that Battle had a passenger in his vehicle during the pursuit. Further, the chase occurred around 10 p.m. on I-71, which is a heavily traveled interstate.
 {¶ 6} Battle pled guilty to an amended charge of attempted failure to comply with an order or signal of a police officer in violation of R.C. 2923.02 and 2921.331. The amended charge was a fourth-degree felony and included a specification that the offender caused a substantial risk of serious physical harm to persons or property.
 {¶ 7} At the time of sentencing, the trial court reviewed the facts of the case and Battle's prior criminal history. Battle's criminal history included three drug abuse convictions and a federal conviction for possession or passing of counterfeit currency. Battle had previously served two prison terms and had violated community control sanctions.
 {¶ 8} The court proceeded to sentence Battle to a prison term of 17 months with post-release control.
 {¶ 9} Battle has appealed the trial court's determination raising one assignment of error for our review. Battle's sole assignment of error states:
 {¶ 10} "The record is insufficient to establish that the defendant-appellant's conduct constituted the worst form of the offense and the sentence imposed was disproportionate and excessive."
 {¶ 11} Initially we note that although the assigned error challenges whether Battle's conduct constituted the worst form of the offense, no such finding was made by the trial court nor was one required as the maximum sentence was not imposed. See R.C. 2929.14(A)(4) and (C).
 {¶ 12} Further, Battle's argument challenges the sentence as being excessive based upon the seriousness factors provided in R.C. 2921.331. Battle also claims there was no evidence in the record indicating that the imposition of the minimum term of incarceration would demean the seriousness of the offense. We therefore review Battle's challenge to the trial court's determination of the seriousness of Battle's conduct for purposes of sentencing.
 {¶ 13} Battle pled guilty to the charge of attempted failure to comply with an order or signal of a police officer with a specification that the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property. Pursuant to R.C. 2921.331, the sentencing court in determining the seriousness of Battle's conduct was required to consider the factors provided in R.C. 2921.331(C)(5)(b) (i-ix), as well as the factors set forth in R.C. 2929.12 and R.C. 2929.13.
 {¶ 14} Our review of the record reflects that the trial court considered the factors set forth in the applicable statutes. Along with discussing several factors which the evidence did not establish, the trial court also found a number of seriousness factors to apply. Specifically, the court considered the duration of the pursuit that lasted "a couple of miles," the rate of speed that was a "high rate of speed," and the relevant factor that Battle had an innocent passenger in his vehicle. With respect to the passenger, the trial court stated:
"Then, finally, any relevant factors indicating that Mr. Battle's conduct was more serious than conduct normally constituting the offense. As I noted, the factors that make Mr. Battle's conduct more serious is the fact that he had an innocent passenger in his car with her life being placed in danger. So she was an innocent prisoner of Mr. Battle's folly out there on the highway."
 {¶ 15} Despite the seriousness factors found by the trial court, Battle asserts there was no evidence concerning the number of other vehicles on I-71 or the number of construction workers in the construction zone, if any. He argues that the evidence was unclear as to the duration of the pursuit and imprecise as to the exact distance. Battle also states no accidents occurred during the pursuit and nobody was injured. Further, Battle claims he voluntarily stopped his vehicle and did not resist the officers at the end of the chase. These factors were all presented to the trial court.
 {¶ 16} We find that the trial court's determination was supported by sufficient evidence in the record. The facts before the court included that the pursuit lasted for a couple of miles on a heavily traveled interstate. Battle traveled at speeds nearing 120 miles per hour and drove through a construction zone. Battle also had a passenger in his vehicle and showed a complete disregard for her safety and the safety of others, including the officers in pursuit and any other vehicles on the route, regardless of number.
 {¶ 17} Insofar as Battle challenges the imposition of more than the minimum sentence, we find that the evidence was sufficient to justify the sentence that was imposed. R.C. 2929.14(B)(2) provides that a trial court may impose more than the minimum prison term for a felony offense where "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 18} In addition to the trial court's findings as to the seriousness of Battle's conduct, the trial court also found that recidivism was likely. The trial court reached this conclusion based on Battle's prior criminal history that included a pattern of drug abuse, his lack of remorse, and his continued disregard of the law despite prior prison terms. These are all relevant factors that indicate Battle is likely to commit future crimes.
 {¶ 19} After careful review of the record, this court finds that the trial court considered the factors set forth in R.C. 2921.331 and the sentence imposed on Battle was not excessive. Battle's assignment of error is overruled.
Judgment affirmed.
KENNETH A. ROCCO, A.J., AND ANN DYKE, J., CONCUR.